# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD W. DOWNS, SR., <br><br> Defendant. | No. 94-CR-2 CJW-MAR <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court on defendant Ronald W. Downs, Sr.'s pro se motion for compassionate release. (Docs. 118 and 119).[1]

## I.  BACKGROUND

On September 19, 1994, the Court sentenced defendant to life in prison on one count of first-degree murder of a postal employee, along with several related counts. (Doc. 92). Defendant appealed and the Eighth Circuit Court of Appeals affirmed. *United States v. Downs*, 56 F.3d 973 (8th Cir. 1995). He is currently incarcerated at Williamsburg FCI in Salters, South Carolina.

## II.  COMPASSIONATE RELEASE STANDARDS

The Court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step Act of 2018 (FSA). *See* Pub. L. No. 115-391, § 603. In the past, 18 U.S.C.

___

[1] Defendant's filings were separated in the mail. The bulk of defendant's motion, along with his exhibits, are included in Doc. 119, which the Clerk of Court docketed as a supplement to Doc. 118.

§ 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of Bureau of Prisons (BOP). The FSA modified Section 3582(c)(1)(A) such that a defendant may now directly petition the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, No. CV18-00513, 2019 WL 161727, at \*1 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to Section 3582(c)(1)(A) by the FSA); *see also United States v. Perez-Asencio*, No. CR18-3611, 2019 WL 626175, at \*2–3 (S.D. Cal. Feb. 14, 2019).

If a defendant fully exhausts administrative remedies, the Court may, upon motion of the defendant, reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A).

Defendant does not meet the requirements of Section 3582(c)(1)(A)(ii). Although defendant is 77 years of age, he has not served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c), and the Director of the Bureau of Prisons has not determined that defendant does not pose a danger to others. Accordingly, defendant's only possible avenue for relief is Section 3582(c)(1)(A)(i).

2

Case 1:94-cr-00002-CJW-MAR   Document 120   Filed 07/22/20   Page 2 of 7

The starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is the Sentencing Guideline discussing compassionate release issued by the United States Sentencing Commission. *See* USSG §1B1.13 (U.S. Sentencing Comm'n 2018); *see also United States v. Hall*, No. CR98-7, 2019 WL 6829951, at *3 (E.D. Ky. Dec. 13, 2019); *United States v. Rivernider*, No. CR10-222, 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). The Guideline provides that extraordinary and compelling reasons exist in the following circumstances:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG §1B1.13 cmt. n.1.

This Guideline predates the FSA and has "not been amended to reflect that, under the FSA, a defendant may now move for compassionate release after exhausting administrative remedies." *Rivernider*, 2019 WL 3816671, at *2. Courts are split on whether the policy statement is binding because it predates the FSA's changes to 18 U.S.C. § 3582(c)(1)(A). A number of district courts have concluded that Guideline §1B1.13 cmt. n.1 does not restrain a court's assessment of whether extraordinary and compelling reasons exist to release a defendant. *See, e.g.*, *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019); *United States v. Urkevich*, No. CR03-37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019); *United States v. Fox*, No. CR14-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019). Other courts have concluded that extraordinary and compelling reasons exist only if they are included in the Guideline. *See, e.g.*, *United States v. Lynn*, No. CR89-0072, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019).

As the Court has previously stated, this Court agrees with those courts that have found that although the Guidelines provides helpful guidance on what constitutes extraordinary and compelling reasons, it is not conclusive given the recent statutory changes. *See United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020); ); *see also Rodriguez*, 424 F. Supp. 3d at 682 (Congress knew

that the BOP rarely granted compassionate release requests prior to the FSA, and the purpose of the FSA is to increase the number of compassionate release requests granted by allowing defendants to file motions in district courts directly even after the BOP denies their request); *Brown*, 411 F. Supp. 3d at 451 (same).

### III. DISCUSSION

#### A. *Exhaustion of Administrative Remedies*

Defendant has submitted documentation showing that he has exhausted his administrative remedies through the entire BOP administrative process. (*See* Doc. 119 at 18-41). Accordingly, his motion is properly before the Court.

#### B. *Extraordinary and Compelling Reasons*

Defendant alleges that extraordinary and compelling reasons justify his release. Specifically, he alleges that his post-sentence rehabilitation justifies a sentence reduction.

As discussed above, the Court is not bound by USSG §1B1.13. Nevertheless, the Guidelines provide helpful context in determining whether extraordinary and compelling circumstances exist. Defendant's motion does not fall within any of the Guidelines other than the catchall "other reasons." The Court is aware that some courts have found extraordinary and compelling reasons beyond those articulated in the Guidelines. For instance, some district courts have found that sentencing disparities created by the FSA alone constitute extraordinary and compelling circumstances warranting compassionate release. *See United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at * (D. Kan. Feb. 21, 2020) (the FSA's amendment to Section 924(c) by no longer requiring Section 924(c) convictions to be "stacked" constitutes extraordinary and compelling reasons for defendants who have stacked Section 924(c) convictions); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 806121, at *7 (D. Utah Feb. 18, 2020) (same); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) (same). The Court agrees that some situations beyond those in the

5

Guidelines may constitute extraordinary and compelling reasons that could justify compassionate release. The Court is aware of no court, though, that has found extraordinary and compelling circumstances based solely on the defendant's post-sentence rehabilitation. Rather, that type of reduction seems to be expressly prohibited by the relevant statutes. In a case in which a defendant initially made a very similar argument, Judge Robert W. Pratt, from the Southern District of Iowa, ruled that compassionate release cannot be based on rehabilitation alone.

> [A]lthough much about Defendant's situation is extraordinary and compelling, the Court concludes it cannot exercise its discretion to grant release at this time. To say Defendant has been a model inmate is an understatement. He has not had a single disciplinary incident since entering federal custody in 2007. ECF No. 220 at 30 (reprinting Jan. 20, 2019, BOP Summary Reentry Plan – Progress Report). According to the BOP, "[h]e has exhibited an exemplary rehabilitative record as a testament to his positive character and efforts." *Id*. He has taken 6000 hours of programming, including 4150 hours in a Management Apprenticeship Program. *Id*. "He should be employable upon release." *Id*. at 31. He teaches and mentors other inmates. *Id*. The BOP thinks he is quite good at it. . . . The Court does not see BOP Progress Reports like this often. One might even call it extraordinary and compelling. But while Congress largely left "extraordinary and compelling reasons" undefined, it made clear rehabilitation, on its own, does not suffice. § 994(t). The Court considers—and applauds—Defendant's conduct, but it cannot release him on these grounds alone under § 3582(c).

*United States v. Brown*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019), *order amended on reconsideration*, No. 4:05-CR-00227-1, 2020 WL 2091802 (S.D. Iowa Apr. 29, 2020).[2]

Here, defendant's motion is well written. Like Brown, defendant has completed an impressive number of courses while in prison. (Doc. 119, at 48-50). He speaks

---

[2] On reconsideration, the Court granted defendant compassionate release based on defendant's health conditions and the COVID-19 pandemic.

eloquently about the impact those courses have had on his development and how they have helped him come to terms with the pain his crime caused. Defendant's conduct in the BOP is even more impressive than that of the defendant in the case cited above because he has not received any incident reports during the entire twenty-five years he has been incarcerated. (*Se*e Doc. 119, at 45). Additionally, defendant's motion is supported by numerous letters from people who believe defendant could succeed if he were to be released from custody. (Doc. 119, at 56-62). Nevertheless, although the Court applauds defendant's conduct in prison, and encourages him to continue to better himself, the Court finds defendant has failed to allege an extraordinary and compelling reason justifying release because defendant's rehabilitation alone cannot suffice. *See* 28 U.S.C. § 994(t) (directing that, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Accordingly, the Court denies defendant's motion.[3]

## IV. CONCLUSION

For the reasons set out above, defendant's motion for compassionate release (Doc. 118) is **denied.**

**IT IS SO ORDERED** this 22nd day of July, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[3] Because defendant has failed to allege any extraordinary or compelling reasons that would justify his release, the Court need not consider the 18 U.S.C. § 3553(a) factors.